MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:        2025 ME 48
Docket:          And-24-512
Submitted
  On Briefs:     May 21, 2025
Decided:         June 10, 2025

Panel:           MEAD, HORTON, CONNORS, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

WANDA D. BRAITHWAITE-BARIL

v.

CAMERON C. MCINTOSH et al.

CONNORS, J.

[¶1]  Cameron C. McIntosh appeals from a judgment of the District Court (Lewiston, *Tierney, J.*) granting Wanda D. Braithwaite-Baril's complaint seeking a determination that she is a de facto parent of McIntosh's son, who is also Braithwaite-Baril's grandson.  *See* 19-A M.R.S. § 1891 (2025).  We affirm.

[¶2]  Before the District Court, Braithwaite-Baril needed to show by clear and convincing evidence that she had "fully and completely undertaken a permanent, unequivocal, committed and responsible parental role in the child's life."[1]  19-A M.R.S. § 1891(3).  We review the court's findings of fact for clear

---

[1]  Title 19-A M.R.S. § 1891(3)(A)–(E) (2025) establishes the standard that an individual must satisfy for a court to adjudicate that person to be a de facto parent:

> **3. Adjudication of de facto parent status.**  The court shall adjudicate a person to be a de facto parent if the court finds by clear and convincing evidence that the

2

error and its conclusions of law de novo. *C.L. v. L.L.*, 2015 ME 131, ¶ 20, 125 A.3d 350.

[¶3]  The court's order granting Braithwaite-Baril's complaint was based on the following findings, which were supported by competent record evidence. *Id.* ¶ 11.

- Braithwaite-Baril's daughter is the mother of McIntosh's child, who was born in December 2017.

- The child's mother suffers from Crohn's disease, and when she became pregnant with the child, she became very ill and moved from Maine to North Carolina to live with Braithwaite-Baril for additional support.

- Braithwaite-Baril was present at the child's birth, and the child lived with Braithwaite-Baril and his mother in North Carolina for the first two years of his life.

---

person has fully and completely undertaken a permanent, unequivocal, committed and responsible parental role in the child's life. Such a finding requires a determination by the court that:

**A.** The person has resided with the child for a significant period of time;

**B.** The person has engaged in consistent caretaking of the child;

**C.** A bonded and dependent relationship has been established between the child and the person, the relationship was fostered or supported by another parent of the child and the person and the other parent have understood, acknowledged or accepted that or behaved as though the person is a parent of the child;

**D.** The person has accepted full and permanent responsibilities as a parent of the child without expectation of financial compensation; and

**E.** The continuing relationship between the person and the child is in the best interest of the child.

- During this period, the child had an established pediatrician and dentist in North Carolina, and Braithwaite-Baril took him to his medical appointments. She also provided him with food, clothing, love, and guidance. The child had toys, pets, and his own room in Braithwaite-Baril's home. He also was part of a large extended family, including many cousins his own age who lived nearby.

- In 2019, the mother moved back to Maine with the child. But in early 2020, the mother became ill again due to her Crohn's disease. She also was living in an apartment that was not up to code or appropriate for a young child. The mother asked Braithwaite-Baril if she could take care of the child again. Braithwaite-Baril came to Maine to retrieve the child and moved him back to North Carolina. The mother remained in Maine.

- The child lived with Braithwaite-Baril until the fall of 2022, when the child returned to Maine to live with his mother.

- For the first four years of the child's life, McIntosh had no contact with the child and little contact with the mother. Between 2020 and 2022, Braithwaite-Baril was the only parental figure in the child's daily life. For the first four years of the child's life, McIntosh was aware that Braithwaite-Baril was acting as a parental figure to the child and accepted her parental role.

- Braithwaite-Baril and the child have established a bonded and dependent relationship.

[¶4] The burden to show de facto parentage is steep, but we see no error by the court on these facts. They show that Braithwaite-Baril undertook a parental role in the child's life, meeting all the criteria set forth in section 1891(3).

The entry is:

Judgment affirmed.

---

Mitchel J. Roberge, Esq., Peters & Roberge, P.A., Lewiston, for appellant Cameron C. McIntosh

Wanda Braithwaite-Baril, appellee pro se

Lewiston District Court docket number FM-2023-280
FOR CLERK REFERENCE ONLY